UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS W. THOMPSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:01-CV-1357 (CEJ) |
| | ) |
| J. W. BOOKER, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motion to recall the mandate or for relief pursuant to Fed.R.Civ.P. 60(b).

On August 15, 2001, petitioner Douglas Thompson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Kansas. The petition, which sought relief from a 1961 murder conviction in Butler County, Missouri, was subsequently transferred to this district. On March 7, 2002, the Court denied the petition as time-barred under 28 U.S.C. § 2244(d). Petitioner moved for relief pursuant to Rule 60(b), Fed.R.Civ.P., arguing in part that the delay was attributable to the actions of the Federal Bureau of Investigation. That motion was denied.  On December 11, 2002, the Eighth Circuit Court of Appeals affirmed the denial of habeas relief.

On April 26, 2004, petitioner filed a motion for relief from judgment, asserting he was entitled to application of the equitable tolling doctrine.  The Court summarily denied relief on April 28, 2004; the Eighth Circuit summarily affirmed on August 19, 2004. On July 11 and July 28, 2005, petitioner again filed motions for relief from judgment, relying upon the decision of the United States Supreme Court in Gonzalez v. Crosby, 545 U.S. 524, 538 (2005) (holding that a Rule 60(b)(6) motion in a § 2254 case is not a successive habeas petition if it does not assert, or reassert, claims of error in the

movant's state conviction). The Court denied petitioner's motions on August 25, 2005, and the Eighth Circuit again affirmed on April 28, 2006.

In his present motion, petitioner asserts that the state courts have wrongfully refused to grant him relief on his claims that his conviction was based on perjury, suppressed evidence, and improper jury instructions. He seeks relief pursuant to Montgomery v. Louisiana, 136 S. Ct. 718 (2016), as revised (Jan. 27, 2016), which he asserts requires states to provide relief on post-conviction procedures to "all" substantive constitutional rulings. In Montgomery, the Supreme Court addressed the retroactivity of a specific rule — the rule announced in Miller v. Alabama, 567 U.S. ––––, 132 S. Ct. 2455 (2012), that a juvenile convicted of a homicide offense cannot be sentenced to life in prison without parole absent consideration of the juvenile's special circumstances. Contrary to petitioner's assertion, Montgomery did not make all constitutional rules retroactively available. Petitioner is not entitled to the relief he seeks.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of petitioner Douglas W. Thompson to recall the mandate or for relief pursuant to Rule 60(b) [Doc. #40] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of May, 2016.

2